IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT HARRY KUNFERMAN,

                                        ORDER

            Plaintiff,

                                      10-cv-574-bbc

    v.

ROBERT SHAW,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT HARRY KUNFERMAN,

                                        ORDER

            Plaintiff,

                                      10-cv-575-bbc

    v.

DAVID A. BECKSTROM,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On October 13, 2010, the court stayed plaintiff Robert Kunferman's request to proceed in forma pauperis, providing him the opportunity to supplement his affidavit of indigency to include his actual income for the last 12 months. He has now submitted this information.

1

The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

According to plaintiff's amended financial affidavit, he is a student at the University of Minnesota and has received $4726 in student grants this past year for tuition and expenses. Plaintiff also lists $4602 in tuition reimbursement and tax refunds. Under Wisconsin's marital property laws, plaintiff's wife's income is considered to be plaintiff's as well. Plaintiff's wife received a total of $4877 in unemployment benefits. Thus plaintiff's combined income for the past year is $14,205. Because plaintiff's income is less than the $16,000, he can proceed without any prepayment of fees or costs.

Accordingly, IT IS ORDERED that plaintiff's complaints are taken under advisement.

As soon as the court's calendar permits, plaintiff's complaints will be screened pursuant to 28 U.S.C. § 1915 to determine whether the cases must be dismissed either because the complaints are frivolous or malicious, fail to state a claim on which relief may be granted or seek monetary relief against a defendant who is immune from such relief. Plaintiff will be notified promptly when such a decision has been made. In the meantime, if plaintiff needs to communicate with the court about these cases, he should be sure to write the case numbers shown above on his communication.

      Entered this 21st day of October, 2010.

                                      BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge